**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVID ZION SHIE,** ) | Case No.  1:08 CV 194 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs.  ) | **ORDER** |
| ) | |
| **KEITH SMITH, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Objection filed by Petitioner David Zion Shie (**ECF No. 25**). Therein, Shie argues that an Order of the Magistrate Judge denying his "Motion for Leave to Amend Petition with Additional Ground" should be reversed and he should be allowed to amend his § 2254 petition to add a new claim.  In Shie's Objection and reply brief, he argued that he had exhausted the claim in the state courts, and that the State would not be prejudiced by the addition of the claim.  After the Magistrate Judge denied his Motion for Leave, Shie filed a "Motion to Stay and Hold Case in Abeyance," asking the Court to stay the case so that he could exhaust the same claim in the state courts ("Motion to Stay") (**ECF No. 28**).  For the following reasons, the Court **OVERRULES** the Objection, **DENIES** the Motion to Stay, and directs the Magistrate Judge to proceed directly to preparation of a Report and Recommendation forthwith.

**I.**

In April 2005, Shie entered a plea bargain with the State wherein he pled guilty to four counts of sexual battery in exchange for the dismissal of the remaining sixteen sex crimes

charges. He was sentenced to four years imprisonment on each charge, to be served consecutively, followed by five years of post-release control.

On appeal, he argued that the imposition of consecutive sentences violated his Sixth Amendment right to trial by jury under *Blakely v. Washington*, 542 U.S. 296 (2004). *ECF No. 8-3* at 87, 118-120. When Shie was sentenced, Ohio Revised Code § 2929.41(A) required that multiple sentences be imposed concurrently unless otherwise provided in § 2929.14(E), and § 2929.14(E)(4) allowed a judge to impose consecutive sentences only after making certain findings of fact. In February 2006, however, the Ohio State Supreme Court issued a decision striking § 2929.14(E)(4) as unconstitutional under *Blakely* because it required the court to make judicial findings, not proven to a jury beyond a reasonable doubt or admitted by the defendant, before imposing consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 28-30 (2006). The court also severed the statutory presumption of concurrent sentences under § 2929.41(A). *Id*. The *Foster* court concluded that trial courts had full discretion to impose a prison sentence within the statutory range and were no longer required to make findings, or give reasons, for imposing consecutive sentences – and that the ruling applied only to cases then pending on direct review or not yet final. *Id*. at 31. Because Shie's case was pending on direct appeal when *Foster* was issued, the Ohio appeals court vacated Shie's sentences and remanded the case to the trial court for resentencing.

After a hearing, the trial court again sentenced Shie to consecutive sentences of four years imprisonment on each of the four convictions followed by five years of post-release control. Shie again appealed the imposition of consecutive sentences. Among other things, he argued that courts may only impose a sentence that is authorized by state sentencing statutes;

-2-

when the *Foster* court severed § 2929.14(E)(4), the trial court's only statutory authority for imposing consecutive sentences was removed; and the trial court exceeded its authority and violated due process when it sentenced him to consecutive sentences in contravention of O.R.C. § 5145.01.  *ECF No. 8-6* at 32-33; *ECF No. 8-8* at 50-51.  Section 5145.01 is a statute directed at the governance of state correctional institutions.  It provides, in pertinent part, that "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Ohio Revised Code apply."  The appeals court rejected this argument, concluding that Shie misread the *Foster* decision which holds that after the severance, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.  The appeals court also rejected Shie's argument that *Foster* violated his due process rights, noting that *Foster* did not change the punishment that may be imposed on a defendant or allow the court to impose a greater punishment than was allowed before, that courts could impose consecutive sentences both before and after *Foster*, and that *Foster* did not take away any vested right by removing both the presumption in favor of concurrent sentences and the factfinding requirements to impose consecutive sentences.  Shie raised the same issues on appeal to the Ohio Supreme Court, which denied leave to appeal.

Shie then filed the instant § 2254 petition raising three grounds for relief.  *ECF No. 1*.  Under the label of Ground Two, the only ground relevant to our discussion, Shie has raised numerous issues.  He asserts variously that the trial court violated his due process rights when it resentenced him to consecutive sentences; the Ohio Supreme Court in *Foster* violated due

process when it excised the sentencing statutes authorizing consecutive sentences then declared that they could be imposed anyway; the appeals court violated due process when it retroactively applied *Foster* to his sentences; the appeals court violated due process when it rejected his argument that the trial court was without authority to sentence him to consecutive sentences since there was a statutory presumption of concurrent sentences under O.R.C. § 5145.01; and the imposition of consecutive sentences violates *Blakely* and *Booker*. *See id.* at 6-7.

Four months after filing a Traverse and before the Magistrate Judge issued a Report and Recommended Decision, Shie filed the pending "Motion for Leave to Amend Petition with Additional Ground." *ECF No. 21*. According to Shie, the proposed claim ("Ground IV") raised the question whether he was deprived of his liberty interest in concurrent sentences when the state courts ignored O.R.C. § 5145.01 and reimposed consecutive sentences, in violation of *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463 (1989). *Id.* at 3. As a basis for bringing this additional ground, he asserted that,

> in State v. Bates (Ohio 5/1/2008), 118 Ohio St.3d 1, the Petitioner discovered that he should raise the O.R.C. 5145.01 issue as a separate and independent ground instead as a combination of issues presented in Ground II. In Cobbin v. Hudson (N.D. Ohio 2/26/2008, Judge Polster), 2008 WL 552484, this Court demonstrates that the merit of Ground II is quite uncertain.

*Id.* at 2. Shie noted that there would be no prejudice to the State since he "already raised and exhausted the assertions in Ground IV in the state courts. . . " *Id.* (citations to the record omitted). *Id.* The Respondent argued, among other things, that the proposed claim was not previously presented to the state courts and that, in any event, it was procedurally defaulted.

-4-

Shie filed a reply brief, purportedly clarifying the issue raised in proposed Ground IV. *ECF No. 23-2*.

> [T]he argument in Ground IV is not different than what he argued and exhausted in the state courts, and contains the same legal theory he advanced in the trial court, appeals court, and the Ohio Supreme Court that [his] due process rights have been violated by the sentencing court disregarding the mandatory language in O.R.C. 5145.01 to impose concurrent sentences, and Ground IV is therefore not procedurally defaulted.

*Id*. at 3.

After reviewing the chaos created by Shie, the Magistrate Judge issued an order denying leave to amend the petition to add this alleged new ground. Apparently assuming that Shie meant what he said when he stated that the issue raised in Ground IV was no different than the ones he previously presented in the state courts, the Magistrate Judge rejected the argument that *Bates* provided a basis for amending the petition. The Magistrate Judge correctly observed that both *Foster* and *Bates* expressly held that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. The Magistrate Judge also correctly observed that, while the *Bates* court mentioned O.R.C. § 5145.01 in a footnote, it did not address the effect of the severance of §§ 2929.14(E)(4) or 2929.41 on § 5145.01 since neither party raised it. The Magistrate Judge found that *Bates* did not provide a basis for amending the petition, that amending the petition after a traverse had been filed was unjustified, and that allowing the amendment would not further the interests of justice since it was substantively futile in any event.

Shie filed an Objection, arguing that the Magistrate Judge's assessment of *Bates* was wrong, attempting to reintroduce the argument that O.R.C. § 5145.01 creates a liberty interest in

concurrent sentences in violation of *Hicks v. Oklahoma*, and inviting the Court to determine whether the state deprived him of a liberty interest in concurrent sentences. *ECF No. 25*.

Then, Shie filed the pending "Motion to Stay and Hold Case in Abeyance." *ECF No. 28*. There, he asks the Court to stay his § 2254 petition so that he can

> exhaust the Ohio writ of habeas corpus, in order to return to this court for reconsideration of the amendment which the Court said it has no basis to consider. See Order (10/15/08), p. 3. In pursuing the writ, the Petitioner will obtain a ruling from the Ohio Supreme Court which was not obtained in Bates, concerning O.R.C. 5145.01, which this Court said had a modicum of merit, and the Petitioner asserts this is good cause for the stay order, pursuant to Rhines v. Weber (2005), 544 U.S. 269.

*Id*. at 1. Having reviewed the briefs and the record, the Court is prepared to issue a ruling.

## II.

### A.

The Court **OVERRULES** Shie's Objection (**ECF No. 25**) to the Magistrate Judge's ruling denying leave to amend the petition for numerous reasons, some of which are recounted below.

First, Shie asserted that the argument in proposed Ground IV presented no new legal theory, and was no different, than the arguments he presented in the state courts and recounted in Ground Two. Accordingly, there is no reason to amend the petition.

Second, the Magistrate Judge's assessment of *Bates* was correct. Thus, his conclusion that amendment of the petition would be futile is also correct. The Court takes this opportunity to note that Shie's effort to elevate conjecture in a footnote (concerning the effect of the severance of §§ 2929.14(E) and 2929.14(A) on § 5145.01, a statute directed to the governance of

state prisons) to a holding that is opposite to the Ohio Supreme Court's actual holding in *Bates* and the reasoning it employed is, at best, laughable, and at worst, sanctionable.

Third and most important, the United States Supreme Court recently determined that the imposition of consecutive sentences by a state judge, pursuant to a state sentencing scheme that either requires the judge to make findings of fact before imposing such sentences or allows the judge complete discretion in imposing such sentences, does not violate a defendant's Sixth Amendment right to trial by jury. *See Oregon v. Ice*, 129 S.Ct. 711 (2009) (declining to extend *Apprendi v. New Jersey*, 530 U.S. 466 (2000) or *Blakely v. Washington*, 542 U.S. 296 (2004) to the imposition of consecutive sentences). Thus, any *Blakely* argument Shie cares to make is now foreclosed.

**B.**

The Court also takes this opportunity to review Shie's Motion to Stay (**ECF No. 28**) and **DENIES** it for the following reason.

After zealously arguing in two briefs and an objection that he had exhausted the claim alleged in Ground IV, Shie now asks the Court to stay the case and abey ruling on the exhausted claims so that he can exhaust the claim alleged in Ground IV in the state courts. He claims he has good cause for the stay request pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

In *Rhines*, the Supreme Court held that a federal district court had the discretion to stay a "mixed" § 2254 habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and avoid dismissal due to the relevant one-year limitations period. See 28 U.S.C. § 2244(d). However, the Court held that "stay and abeyance is only appropriate when the district court determines

there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  Furthermore, "even if a petitioner has good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Id*.

Ignoring *Rhines* for a moment, the Court denies the Motion to Stay because of Shie's numerous representations limiting the claim in proposed Ground IV to issues he had previously exhausted in the state courts and raised in Ground Two.

Assuming *Rhines* applies, the Court would also deny the Motion to Stay because the issuance of the *Bates* decision does not provide any cause for failure to exhaust and the only possibly unexhausted claim is meritless.  The only possibly unexhausted issue asserted in proposed Ground IV is whether Shie has a constitutionally protected liberty interest in concurrent sentences based on § 5145.01, such that the imposition of consecutive sentences violates that right under *Hicks v. Oklahoma*.  The answer to that question is no under both *Bates* and *Hicks*.

Under Oklahoma law, a defendant has the right to have his punishment determined by a jury.  447 U.S. at 345.  In *Hicks*, the trial court instructed the jury that, if it found the defendant guilty, it must sentence him to 40 years' imprisonment under Oklahoma's habitual offender statute.  *Id*. at 344-45.  The jury found the defendant guilty and imposed the mandatory 40-year prison term.  Following the conviction, the habitual offender statute was rendered unconstitutional.  Thus, on appeal, the defendant sought to have his sentence vacated.  The appeals court affirmed the sentence, however, holding that the defendant was not prejudiced by the application of the unconstitutional statute because the sentence was within the range that the

jury could have imposed on him.  *Id*.  The United States Supreme Court reversed.  It found that statute requiring a jury to determine a defendant's sentence "created a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion . . ." and that the appeals court's affirmance of the sentence deprived Hicks of that liberty interest without due process of law.  *Hicks*, 447 U.S. at 346.

*Hicks* is obviously distinguishable from the instant case.  Oklahoma law provides defendants an absolute statutory right to a sentence imposed by a jury.  Ohio law does not.  That is reason enough to find proposed Ground IV meritless.

Moreover, it is inconceivable that the Ohio Supreme Court would find that § 5145.01 creates a liberty interest in concurrent sentences for the following reasons.  In *Bates*, the Ohio Supreme Court made clear that the excision of §§ 2929.14(E)(4) and 2929.41(A) "leaves no statute to establish . . . presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic 'purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12."  *Bates*, 118 Ohio St.3d at 179; *see also State v. Kalish*, 120 Ohio St.3d 23, 26 (2008).  In fact, the *Bates* court noted that one consequence of the *Blakely* decision, which spawned the *Foster* decision, is that it "altered Ohio's sentencing dynamics" and effectively reinstated the common-law presumption in favor of consecutive sentences.  *Bates*, 118 Ohio St.3d at 178-79.  It is hard to imagine, after making these unambiguous proclamations with full knowledge of the existence of § 5145.01, that the Ohio Supreme Court would now find that a statute that addresses the governance of state prisons trumps the Ohio sentencing statutes, creates a liberty interest in concurrent sentences and forms a basis for overturning, in less than three years, its decisions in *Foster* and *Bates*.

Additionally, there has never been an absolute entitlement to concurrent or consecutive sentences in the State of Ohio. Prior to the enactment of §§ 2929.14(E)(4) and 2929.41(A), there was a common-law presumption in favor of consecutive sentences. *Bates*, 118 Ohio St.3d at 178-79. The enactment of §§ 2929.14(E)(4) and 2929.41(A) changed the common-law presumption and created a statutory presumption in favor of concurrent sentences. *Id.* The Ohio Supreme Court has held that, after the severance of §§ 2929.14(E)(4) and 2929.41(A), there is no statutory presumption either way, and suggests that the common-law presumption in favor of consecutive sentences has been reinstated. *Id.* Ohio state and federal courts have uniformly declared that presumptions in concurrent or minimum sentences do not create a *Hicks* liberty interest in those sentences. *See, e.g., State v. Ruiz*, No. 90590, 2008 WL 5096920, at *3 (Ohio App. 8 Dist. Dec. 4, 2008) (rejecting *Hicks* argument and noting that, "[i]n Ohio, . . . a defendant has never been entitled to an absolute right to minimum, nonmaximum or concurrent sentences as proposed by appellant in this case.")*; State v. Yopp*, No. 2006-A-402, 2007 WL 2164548, at *5 (Ohio App. 11 Dist. Jul. 27, 2007) (rejecting *Hicks* argument and noting that "[u]nder Ohio law, both prior to and after *Foster*, a felony defendant is on notice of the range of punishments to which he or she may be subject upon indictment. See R.C. 2929.14(A). Therefore, we hold *Foster* has no meaningful impact upon a defendant's substantial and legitimate expectations regarding the deprivation of liberty he may suffer at sentencing."); *State v. Long*, No. 07 BE 27, 2008 WL 852077, at *1 (Ohio App. 7 Dist. Mar. 18, 2008) (rejecting *Hicks* argument and noting that "the presumptions of minimum or concurrent sentences, which were excised from the felony sentencing statutes [in *Foster*], were only presumptions and not guarantees"); *cf. State v. Montgomery*, No. 07CA858, 2008 WL 4278041 at * (Ohio App. 4 Dist. Sep. 15, 2008) (rejecting

*Hicks* argument and noting that "[b]ecause the presumption against maximum and consecutive sentences could be rebutted, the maximum and minimum terms of imprisonment remained the same before and after *Foster*."); *Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *4 (S.D. Ohio Oct. 3, 2008) (rejecting *Hicks* argument and noting that "*Foster* rejected the proposed *Blakely* remedy offered by the defendants, to limit the sentencing court's discretion to imposing minimum, concurrent sentences.") And one Ohio appeals court has specifically rejected the argument that § 5145.01 creates a *Hicks* liberty interest in concurrent sentences. *State v. Castle*, No. OT-08-029, 2008 WL 5147997, at *1 (Ohio App. 6 Dist. Dec. 5, 2008).

In short, Shie's argument (i.e., "Bates made it clear that O.R.C. 5145.01 definitely creates a liberty interest") utterly mischaracterizes the *Bates* decision, shows a fundamental misunderstanding of *Hicks*, and is contrary to all the case law. Because the argument is meritless, it does not provide a basis for the Court to stay the petition.

**III.**

Based on the foregoing, the Objection (**ECF No. 25**) is **OVERRULED**; the Motion to Stay (**ECF No. 28**) is **DENIED**; and the Magistrate Judge is directed to proceed with preparation of a Report and Recommended Decision.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     February 13, 2009*
**Dan Aaron Polster**
**United States District Judge**