# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ZION SHIE, | ) | CASE NO. 1:08-CV-194 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| EDWIN VOORHIES, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, David Zion Shie ("Shie"), challenges the constitutionality of his conviction in the case of *State v. Shie*, Cuyahoga County Court of Common Pleas Case No. CR-45859-A. Shie, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 23, 2008. On March 31, 2008, Warden, Edwin Voorhies, ("Respondent") filed his Answer/Return of Writ.[1]  (Doc. No. 8.)  Shie filed a Traverse on May 30, 2008.  (Doc. No. 16.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Shie's petition be DENIED.

---

[1] Shie sought leave to amend his petition after Respondent had filed his Answer.  (Doc. No. 21.)  The undersigned denied his motion for leave to amend as plainly meritless. (Doc. No. 24.)  After reviewing objections, Judge Polster denied the requested leave to amend and also denied Shie's motion to stay the petition.  (Doc. No. 30.)

## I.  Procedural History

### A.    Conviction

In November of 2004, the Cuyahoga County Grand Jury charged Shie with three counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02, together with sexually violent offender and repeat violent offender specifications, nine counts of gross sexual imposition in violation of O.R.C. § 2907.05, one count of sexual battery in violation of O.R.C. § 2907.03, together with a sexually violent offender specification, one count of unlawful sexual conduct with a minor in violation of O.R.C. § 2907.04, two counts of attempted rape in violation of O.R.C. §§ 2923.02 and 2907.02, together with sexually violent offender and repeat violent offender specifications, two counts of attempted unlawful sexual conduct with a minor in violation of O.R.C. §§  2923.02 and 2907.04, and two counts of attempted sexual battery in violation of O.R.C. §§ 2923.02 and 2907.03, together with sexually violent offender specifications.  (Doc. No. 8, Exh. 1.)

Shie withdrew his initial "not guilty" plea and entered a negotiated guilty plea to four counts of sexual battery, which the court accepted, on April 6, 2005.  (Tr. 13-14.)  On April 27, 2005, the trial court sentenced Shie to consecutive four year terms of incarceration on each sexual battery charge, for an aggregate of sixteen years.  (Doc. No. 8, Exh. 3.)  As part of the plea, Shie was also designated as a "sexual predator."  *Id.*

On July 26, 2005, Shie, *pro se*, filed a motion to withdraw his guilty plea alleging that it was involuntarily entered due to counsel's ineffectiveness.  (Doc. No. 8, Exh. 5.)  The trial court denied the motion without a hearing.  (Doc. No. 8, Exh. 6.)

-2-

**B.    Direct Appeal**

On June 1, 2005, Shie, through counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").  (Doc. No. 8, Exh. 7.)  Shie's counsel raised one assignment of error.  (Doc. No. 8, Exh. 8.)  Thereafter, Shie filed a motion to dismiss his counsel, asking that he be permitted to represent himself.  (Doc. No. 8, Exh. 9.) Shie's motion was granted and the appellate brief filed by counsel was stricken from the record. (Doc. No. 8, Exh. 10.)

In his *pro se* appellate brief, Shie raised the following assignments of error:

1.    The Trial Court erred in imposing non-mandatory consecutive sentences that violate Double Jeopardy, and without first holding a hearing under O.R.C. 2941.25 before imposing the judgment of conviction, contrary to law.

2.    The Trial Court erred in imposing non-mandatory consecutive sentences by failing to make the findings of fact and law with the alignment and statement of factual reasons required by O.R.C. 2929.14(E)(4) and O.R.C. 2929.19(B)(2)(c), as unsupported by the record.

3.    The Trial Court erred in imposing non-mandatory consecutive sentences disproportionate to the seriousness of the Appellant's conduct, contrary to law under O.R.C. 2929.14(E)(4), as unsupported by the record.

4.    The Trial Court erred imposing non-mandatory consecutive sentences disproportionate to the danger the Appellant poses to the public, contrary to law under O.R.C. 2929.14(E)(4), as unsupported by the record.

5.    The Trial Court erred in relying on alleged facts not proven beyond a reasonable doubt, nor supported by the record, to impose non-mandatory consecutive sentences, contrary to law, applying *Blakely v. Washington* to O.R.C. 2929.14 (E)(4).

6.    The Trial Court erred in accepting an unlawful plea agreement to a sexual predator designation which the appellant entered involuntarily, unknowingly, and unintelligently rendering his plea invalid and contrary to law.

7.    The Trial Court erred in accepting Appellant's plea of guilty by not ensuring

he understood the maximum penalty for his offenses as required by Criminal Rule 11, and his plea was unintelligently and unknowingly made, contrary to law.

    8.    The Appellant was denied the effective assistance of counsel by trial counsel only invoking *Blakely v. Washington*, and not also raising disproportionality and lack of support in the record, as defenses to the imposition of consecutive sentences.

    9.    The Appellant was denied the effective assistance of counsel by trial counsel advising him to enter a plea unknowingly and unintelligently in advising him *Blakely v. Washington* limited his maximum sentence to five years.

    10.    The Appellant was denied the effective assistance of counsel by trial counsel advising him to enter an illegal plea agreement that was unknowingly, unintelligently, and involuntarily made.

    11.    The Appellant was denied the effective assistance of counsel by trial counsel advising him to plead guilty when the Appellant had the alternative to file a motion for discharge for a violation of his speedy trial rights, that would have succeeded on the merits.

(Doc. No. 8, Exh. 11.)

On May 11, 2006, the state appellate court affirmed Shie's convictions, but vacated his sentence and remanded for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 (Ohio 2006).  (Doc. No. 8, Exh. 20.)  On June 5, 2006 the state appellate court denied a motion for reconsideration filed by Shie.  (Doc. No. 8, Exh. 22.)

On June 30, 2006, Shie filed a timely Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 8, Exh. 23.)  Shie raised the following assignments of error:

    1.    A sexual offender must plead guilty to a sexually violent predator specification or receive a determination hearing to be designated a sexual predator.

    2.    A sexual offender must plead to being a sexual predator voluntarily, intelligently, and knowingly.

(Doc. No. 8, Exh. 24.)

-4-

On October 4, 2006, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 8, Exh. 25.)

**C.    Resentencing**

On August 9, 2006, the trial court held a resentencing hearing whereat Shie received the same aggregate prison term of sixteen years.  (Doc. No. 8, Exh. 28.)

Shie, *pro se*, filed a timely notice of appeal and subsequent appellate brief raising the following assignments of error.

1.    The trial court erred in failing to hold the new sentencing hearing ordered by this court, by denying the Appellant the full and complete exercise of his right to allocution to present arguments, statements, and objections for a reduced sentence, and obtain rulings of the court on applicable statutes, when the trial court characterized the remand for resentencing as limited, contrary to O.R.C. 2929.14(A)(1), Criminal Rule 32 (A)(1), and the 14th Amendment Due Process provision of the United States Constitution.

2.    The trial court erred in failing to hold a complete O.R. C. 2941.25 hearing concerning allied offenses, contrary to law.

3.    The trial court erred by abusing its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea without a hearing or giving full and fair consideration to the motion, contrary to Criminal Rule 32.1

4.    The Appellant was denied the effective assistance of counsel for the resentencing hearing, contrary to the Sixth Amendment Counsel provision of the United States Constitution.

5.    The trial court erred in imposing four separate judgments of conviction for four identical offenses not committed separately or with separate animus, contrary to O.R.C. 2941.25 and the Fifth Amendment Double Jeopardy provision of the United States Constitution.

6.    The trial court erred in running his sentences consecutively without statutory authority, contrary to O.R.C. 5145.01 and the 14th Amendment Due Process provision of the United States Constitution.

7.    The trial court erred in unreasonably calculating and imposing a sentence

not commensurate with the seriousness of the Appellant's conduct and its impact upon the victim, and inconsistent with sentences imposed for similar crimes by similar offenders, contrary to O.R.C. 2929.11(B).

8. The trial court erred in applying *State v. Foster* in a way that violates the Ex Post Facto provision of Article I, Section 10[1] and the 14th Amendment Due Process provision of the United States Constitution.

9. The trial court erred in imposing a sentence for third degree felonies which imposes an unnecessary burden on state or local government resources, contrary to O.R.C. 2929.13(A).

(Doc. No. 8, Exh. 37.)  Later, court-appointed counsel filed a supplemental brief expanding on the arguments contained in Shie's sixth and eighth assignments of error.  (Doc. No. 8, Exh. 41.) The state appellate court affirmed the judgment of the trial court.  (Doc. No. 8, Exh. 44.)

On August 22, 2007, Shie filed a timely Notice of Appeal with the Supreme Court of Ohio and raised the following propositions of law:

1. A court subjects a defendant to double jeopardy when it imposes multiple separate sentences for multiple convictions of the same offense that the record does not support were committed separately.

2. A court must employ a reasonableness test to determine whether a sentence is consistent, commensurate, and cost-effective.

3. A court exceeds its statutory authority and violates due process by imposing consecutive sentences in cases where the sections of O.R.C. 2929.14 and 2929.41 do not apply.

4. The retroactive application of *State v. Foster* to offenses on direct appeal challenging consecutive sentences, violates Due Process and Separation of Powers.

5. All defendants granted a new sentencing hearing by *State v. Foster* are entitled to a *de novo* proceeding with full allocution rights.

6. A defendant is entitled to the effective assistance of counsel as guaranteed by the Sixth Amendment at the resentencing hearing granted by *State v. Foster*.

-6-

7.    A plea is rendered involuntary and unintelligently when trial counsel causes a defendant to enter a factually false plea by withholding evidence of the case and defendant is entitled to a hearing on the matter in a pre-sentence motion to withdraw his plea where the issue has not been affirmed on appeal.

(Doc. No. 8, Exhs. 45 & 46.)  On December 12, 2007, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 8, Exh. 47.)

**D.    Federal Habeas Petition**

On January 23, 2008, Shie filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

GROUND ONE: The State of Ohio has violated the Petitioner's Double Jeopardy rights under the Fifth Amendment of the U.S. Constitution by imposing consecutive sentences for multiplicitous [sic] offenses.

GROUND TWO: The State of Ohio has violated the petitioner's due process rights under the Fourteenth Amendment of the U.S. Constitution when it unreasonably applied *Blakely v. Washington* and *U.S. v. Booker* to the Petitioner retroactively.

GROUND THREE: The State of Ohio violated Federal Law when it allowed the Petitioner to be convicted based on an unintelligent, unknowing, and involuntary plea contract contrary to Due Process of the 14th Amendment.

(Doc. No. 1.)

## II.  Exhaustion and Procedural Default

**A.    Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  However, if relief is no longer available in state court, exhaustion can be rendered

moot:  "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

## B.  Procedural Default Standard

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer

_____

[2]  In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted.  785 F.2d at 135.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice."  *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

-8-

allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138-39.  "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error."  *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).  Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*;  See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C.   Application to Petitioner**

Respondent asserts that both ground one and ground three of the petition are procedurally

-10-

defaulted.

As the Court understands ground one of his petition, Shie contends that being sentenced on four counts of sexual battery subjected him to double jeopardy because he engaged in only two incidents of illegal sexual conduct.[3]  Shie raised a double jeopardy claim before the state appellate court on both occasions.  The state appellate court, on the first occasion, found that Shie waived his double jeopardy argument by pleading guilty to four separate crimes and by failing to raise the issue with the trial court.  *Shie*, 2006-Ohio-2314 at ¶11.  After resentencing, the state appellate court again overruled Shie's double jeopardy claim on the basis that it had previously determined the issue and noted that the trial court was bound by the ruling on remand. *Shie*, 2007-Oho-3773 at ¶7.

Respondent contends that Shie procedurally defaulted his claim because it was not raised before the Supreme Court of Ohio.  (Doc. No. 8 at 12.)  Although Shie did not raise this claim before the Ohio Supreme Court on his first direct appeal, he did raise the issue before the Supreme Court on direct appeal after his resentencing.  (Doc. No. 8, Exhs. 24 & 46.)  As his first appeal resulted in a remand for resentencing, it would have been premature for Shie to raise his claim before the Ohio Supreme Court after the state appellate court's first decision.  Had Shie received concurrent sentences upon remand, his argument would presumably have become moot. After he was resentenced to consecutive sentences, Shie raised his double jeopardy claim at all

---

[3]  As Shie is proceeding *pro se*, "'his pleadings are held to a less stringent standard than those prepared by an attorney' and are liberally construed in his favor."  *Humphreys v. United States*, 238 Fed. Appx. 134, 138 (6th Cir. 2007) (*quoting See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)).  Shie's double jeopardy argument before the state courts was intertwined with his argument that he improperly received consecutive sentences for allied offenses.

-11-

levels.

Respondent further argues that ground one is procedurally defaulted because the state appellate court enforced a state procedural rule.  (Doc. No. 8 at 12.)  The state appellate court, in reliance on *State v. Hooper*, 2005 Ohio App. LEXIS 6374, 2005-Ohio-7084 at ¶17 (Ohio Ct. App. Dec. 27, 2005), found that a defendant who pleads guilty waives all appealable errors, except for a challenge to the plea itself on the grounds that it was not knowing, intelligent and voluntary.  The *Hooper* decision, in turn, relied on the Ohio Supreme Court's decision in *State v. Spates*, 595 N.E.2d 351, 64 Ohio St. 3d 269, 272 (Ohio 1992) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")).  The *Spates* decision, as expressly acknowledged therein, was based on federal constitutional law and the holdings of the United States Supreme Court.  64 Ohio St.3d at 273 ("we follow the opinion rendered [by the United States Supreme Court] in *Tollett* [*v. Henderson*, 411 U.S. 258, 267 (1973)] and hold that a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding.")  Thus, the state appellate court's waiver was not based on an independent rule of state procedure so much as clearly established federal law.  As such, ground one is not procedurally defaulted and will be addressed on the merits below.

In ground three, Shie argues that his Due Process rights were violated because his guilty plea was not knowing, intelligent, and voluntary.  (Doc. No. 1.)  During his first appeal before

the state appellate court, Shie specifically argued that his plea did not meet constitutional standards because: (1) the agreement was unlawful with respect to his sexual predator classification; (2) he did not understand the maximum penalty for the crimes to which he pled guilty; and (3) counsel incorrectly advised him that the maximum sentence he could receive was five years.   (Doc. No. 8, Exh. 11.)  On appeal to the Ohio Supreme Court, Shie challenged his guilty plea on only the first of the three reasons listed.  (Doc. No. 8, Exh. 24.)  It is unclear whether Shie's habeas petition attempts to raise the latter two arguments.  However, because these other two claims were never presented to the state court, Shie did not fulfill his obligation to pursue them through the state's "ordinary appellate review procedures."  *O'Sullivan*, 526 U.S. at 848.  They are, therefore, procedurally defaulted.

### III.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States

Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6ᵗʰ Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law."  *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6ᵗʰ Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6ᵗʰ Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6ᵗʰ Cir. 1998)).

**A.  Ground One: Double Jeopardy**

The United States Supreme Court has held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has

-14-

solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267.  The Supreme Court explained that a defendant who has entered a guilty plea "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" fell below constitutional standards.  *Id*.  Furthermore, though not cited by either party or the state courts, in *United States v. Broce*, 488 U.S. 563, 576 (1989), the Supreme Court was presented with an argument similar to the one advanced by Shie.  Therein, appellant, who had entered a knowing and voluntary plea of guilty to two separate conspiracy charges, alleged that there was only one conspiracy and his convictions, therefore, violated the prohibition against double jeopardy.  *Id*.  The Supreme Court found that the defendant's guilty plea foreclosed the defendant from raising a double jeopardy challenge, as "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."  *Id*. at 569.  The state appellate court's decision finding that Shie had waived all constitutional errors by pleading guilty, except for the possible challenge to the plea itself, is neither incorrect nor an unreasonable application of clearly established federal law.  As such, ground one of Shie's petition is without merit.

**B.  Ground Two: Retroactive application of *Blakely***

Shie asserts that the State of Ohio has violated his due process rights by unreasonably applying *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220, (2005) retroactively.  Shie's argument is not altogether clear.  He pled guilty and was sentenced after the above Supreme Court decisions.  His case was, however, pending on direct appeal when

the Ohio Supreme Court severed portions of the State's sentencing statutes in *State v. Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856, 845 N.E.2d 470 (Ohio 2006).  Specifically, O.R.C. § 2929.41 had required that sentences be imposed concurrently absent certain judicial findings of fact as delineated in O.R.C. § 2929.14(E)(4).  The *Foster* court found that the latter statute was unconstitutional under *Blakely* due to the judicial fact-findings necessary to impose consecutive sentences.  109 Ohio St.3d at 28-30.  In addition, the *Foster* court severed the statutory presumption in favor of concurrent sentences and concluded that trial courts had full discretion to impose any sentence within the statutory range without having to offer any reasons or findings of fact.  *Id.* at 31.

Shie argues that the remedy crafted by *Foster* effectively deprived him of his right to appeal the imposition of consecutive sentences. (Doc. No. 1.)  However, Shie's ability to appeal his sentence has not been eviscerated.[4]  Shie also argues that a state court cannot, under *Booker,* cause state sentencing statutes to pass constitutional muster in the manner chosen by the Ohio Supreme Court in *Foster* – that is by eliminating the need to make findings altogether.  By doing so, he argues, Ohio effectively eliminates the ability of an appellate court to review the reasonableness of sentences.  Finally, Shie argues that the *Foster* decision exceeded judicial

_____

[4]  As a general proposition, a defendant does not have the right to appeal the length of his sentence.  *See United States v. Nation*, 352 F.3d 1075, 1076-1077 (6th Cir. 2003) ("[A Defendant] has no constitutional right to appeal his sentence." ); *accord United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) ("There is no constitutional right to appeal a criminal sentence."), *citing Jones v. Barnes*, 463 U.S. 745 (1983).  By statute, Ohio provides criminal defendants with only *limited* appeal rights with respect to their sentences.  Though a state is *not* required to provide an appeal for criminal defendants, if it does, it must "do so consistent with the requirements of due process and equal protection."  *See Waldron v. Jackson*, 348 F. Supp.2d 877, 889 (N.D. Ohio 2004), *citing Griffin v. U.S.*, 351 U.S. 12, 18, 76 S. Ct. 585 (1956); *Lopez v. Wilson*, 355 F.3d 931, 939 (6th Cir. 2004).

-16-

authority based on O.R.C. § 5145.01, which, according to Shie, mandates concurrent sentences. This final under-developed argument appears to be related to the one contained in Shie's motion to amend his petition, which purported to rely upon *States v. Bates*, 887 N.E.2d 328, 118 Ohio St.3d 174, 2008-Ohio-1983 (Ohio 2008).  This Court found Shie's motion to amend his petition was futile,   as his argument was plainly meritless.  (Doc. No. 24.)  As explained by the District Court Judge, it is "inconceivable" that the Ohio Supreme Court would find that O.R.C. § 5145.01, a statute directed to the governance of state prisons, created a liberty interest in concurrent sentences because: (1) the Ohio Supreme Court clearly stated that, after the excision of O.R.C. §§ 2929.14(E)(4) and O.R.C. § 2929.41(A), no Ohio statute remained that established presumptions in favor of either concurrent or consecutive sentences; (2) the Ohio Supreme Court noted that the *Foster* decision essentially reinstated the common-law presumption in favor of consecutive sentences; and (3) both Ohio state and federal courts have "uniformly declared that presumptions in concurrent or minimum sentences do not create a *Hicks* liberty interest in those sentences."  (Doc. No. 30, *citing Bates*, 118 Ohio St.3d at 178-79 and *State v. Kalish*, 120 Ohio St.3d 23, 26 (2008)).  Thus, the Court found that Shie's interpretation of the *Bates* decision was, "at best, laughable, and, at worst, sanctionable."  (Doc. No. 30 at 6-7.)  Therefore, as the third portion of Shie's argument is without merit, it need not be revisited.

Turning to the argument that a state court cannot eliminate the need to make findings altogether, the Supreme Court "ha[s] never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range," where improper factfinding is not an issue.  *Cunningham v. California*, 549 U.S. 270, 285 (2007) (*quoting United States v. Booker*, 543 U.S. 220, 233 (2005)).  The *Cunningham* decision expressly approved such a remedy:  "We

-17-

note that several States have modified their systems in the wake of *Apprendi* and *Blakely* to retain determinate sentencing. * * * [Some] states have chosen to permit judges genuinely 'to exercise broad discretion . . . within a statutory range,' which 'everyone agrees,' encounters no Sixth Amendment shoal." *Cunningham*, 549 U.S. at 294.  This same remedy was chosen by the Ohio Supreme Court in *Foster*.

In addition, the Court does not construe Shie's second ground for relief as raising a challenge to the imposition of consecutive sentences on the basis that it violated *Blakely*. Nonetheless, even if Shie advanced such an argument, it would have been of no avail.  As stated by District Court Judge Polster in his order overruling Shie's previous objections, "the United States Supreme Court recently determined that the imposition of consecutive sentences by a state judge, pursuant to a state sentencing scheme that either requires the judge to make findings of fact before imposing such sentences or allows the judge complete discretion in imposing such sentences, does not violate a defendant's Sixth Amendment right to trial by jury."  (Doc. No. 30, *citing Oregon v. Ice*, 129 S.Ct. 711 (2009)).  Thus, Shie's argument is without merit.

Finally, to the extent Shie is attempting to argue that *Foster* created a retroactive sentencing scheme that was tantamount to enacting an *ex post facto* law, his argument is without merit.  Shie does assert, without explanation, that the application of *Foster* also violated his due process rights.  (Doc. No. 1.)  Both the *ex post facto* claim and due process argument have been rejected by state and federal courts.

As noted in *Rettig v. Jefferys*, 2007 U.S. Dist. LEXIS 97648, 24-25 (N.D. Ohio Dec. 17, 2007):

-18-

Ohio courts have uniformly rejected *ex post facto* challenges to the *Foster* decision. *See, e.g., State v. Swann*, 171 Ohio App.3d 304, 314, 2007 Ohio 2010, 870 N.E.2d 754, 762 (Ohio Ct. App. 2007); *State v. Sharp*, 2007 Ohio 6324, 2007 WL 4200755, at *2 (Ohio Ct. App. 2007); *State v. McGhee*, 2006 Ohio 5162, 2006 WL 2796275, at *7 (Ohio Ct. App. 2006). *See generally United States v. Barton*, 455 F.3d 649, 657 (6th Cir.), *cert. denied*, 127 S. Ct. 748, 166 L. Ed. 2d 579 (2006) (*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not violate *ex post facto*).  The court in *McGhee* found no *ex post facto* violation because the defendant "knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because [he] was unlikely to amend his criminal behavior in light of a sentencing change."  *McGhee*, 2006 Ohio 5162, 2006 WL 2796275, at *7.  In *Sharp*, the court noted that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and *Foster* "did not judicially increase the range of his sentence." Sharp, 2007 Ohio 6324, 2007 WL 4200755, at *2.

While neither the Sixth Circuit nor the United States Supreme Court has addressed this issue, other decisions of this Court, as well as the District Court for Southern District of Ohio, have squarely rejected the *ex post facto* argument in the *Foster* re-sentencing context.  *See, e.g., Keith v. Voorhies,* 2009 U.S. Dist. LEXIS 4726 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *Watkins v. Williams*, 2008 U.S. Dist. LEXIS 47557 (N.D. Ohio Jun. 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, 2008 U.S. Dist. LEXIS 33822 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *McGhee v. Konteh*, 2008 U.S. Dist. LEXIS 7976, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.); *Hooks v. Sheets*, 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.)  Further, it should be noted that the *Foster* remedy very closely tracked that of the United States Supreme Court in *Booker* and "[t]he Sixth Circuit has repeatedly held that *Booker*'s remedy does not create an *ex post facto* or similar due process argument upon re-sentencing."  *Keith*, 2009 U.S. Dist. LEXIS 4726 at *34 (*citing United States v. Hill*, 209 F. App'x 467, 468 (6th Cir. 2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006)).  Therefore, the Ohio Supreme Court's decision in *Foster* did not violate Shie's

due process rights or create an *ex post facto* issue.

For the foregoing reasons, ground two of Shie's petition is without merit.

**C.  Ground Three: Guilty Plea**

In ground three Shie argues that his guilty plea was not knowing, intelligent, and voluntary with respect to the sexual predator classification.  (Doc. No. 1.)  He asserts that he did not understand the ramifications of the sexual predator classification; and, that his agreement to be classified as a sexual predator is insufficient under O.R.C. § 2941.148.  *Id*.

First and foremost, Shie misconstrues Ohio law.  Shie apparently believes that he must be found guilty of a sexually violent predator ("SVP") specification under O.R.C. § 2941.148 before he can be classified as a sexual predator.  The transcript clearly reflects that Shie was never convicted of an SVP specification, as the prosecution dropped all four such specifications from the indictment as part of Shie's negotiated plea.  (Tr. 4-5.)  Shie confuses SVP specification with the "sexual predator classification."  Under O.R.C. § 2950.09 (2006), the trial court must conduct a hearing to determine whether a sexually-oriented offender should be classified as a sexual predator and, therefore, be subject to statutorily specified registration and reporting requirements.[5]  A review of the transcript reveals that the trial court merely classified Shie as a

---

[5]  O.R.C. § 2950.09 has since been repealed by Ohio Senate Bill 10.  *See In re Smith*, 2008 Ohio App. LEXIS 2755, 2008-Ohio-3234 at ¶28 (Ohio Ct. App., June 30, 2008), *discretionary appeal accepted by* 897 N.E.2d 652, 120 Ohio St. 3d 1416 (Ohio 2008).  Under the statutory scheme in place at the time of Shie's plea, "a sentencing court was required to determine whether sex offenders fell into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator."  *Id*.  Senate Bill 10 replaced the old classifications, as found in O.R.C. § 2950.01, with the general designation "sex offender" and subdivided that broad category into Tiers I through III.  *Id*. at ¶30.  The discretion of court under the new statute is more limited and requires trial courts to merely place the offender into a Tier based on the offense.  *Id*. at ¶31.

sexual predator as part of his plea.  Thereafter, the state appellate court found that Shie waived

the hearing regarding his sexual predator classification contained in O.R.C. § 2950.09(B).

To the extent Shie asserts that his classification resulted from a violation of Ohio law or a

failure to follow Ohio's procedural rules, his claim is not cognizable.  A federal court reviewing

a habeas petition is confined to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "A federal court

may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."  *Pulley*

*v. Harris*, 465 U.S. 37, 41 (1984).  However, if the error is so egregious as to amount to a denial

of fundamental fairness or of other federal rights, the federal court may grant the habeas

petition.[6]  *Id*.

The state appellate court only addressed Shie's state-law based claim and did not address

the argument that his plea was not knowing, intelligent, and voluntary.  "[B]ecause the state

courts never addressed the merits of petitioner's claim, this Court conducts a de novo review."

*Mickens v. Moore*, 2008 U.S. Dist. LEXIS 29156 (S.D. Ohio Apr. 9, 2008), *citing Hill v.*

*Mitchell*, 400 F.3d 308, 313 (6th Cir. 2005), *citing Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir.

2003).  To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently.  *See*

*United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007), *citing Brady v. United States*, 397 U.S.

742, 748, 90 S. Ct. 1463 (1970) ("Waivers of constitutional rights not only must be voluntary but

must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances

---

[6]  Even if the Court were to consider the issue, Shie has not cited any law that suggests
the state appellate court's finding – that his stipulation negated the necessity of a hearing
– was contrary to Ohio law.  Absent any state error, there is no need to engage in a
fundamental fairness analysis.

and likely consequences.")  A trial court should ensure that a "defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged."  *Id*., *quoting United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005); *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

Shie's argument that his guilty plea, with respect to his classification as a sexual predator, was not knowing, intelligent or voluntary is non-cognizable.  In Ohio, "sexual predator determination hearings are civil in nature."  *State v. Shahan*, 2003-Ohio-6945 ¶11,  2003 Ohio App. LEXIS 6245 (Ohio Ct. App., Dec. 10, 2003) (*citing State v. Cook*, 83 Ohio St.3d 404, 422 (Ohio 1998); *cf. Cox v. Brunsman*, 2008 U.S. Dist. LEXIS 78799 (S.D. Ohio Sept. 5, 2008) (finding that the Sixth Circuit has held that challenges to the constitutionality of a petitioner's classification as a sexual predator fails to present an issue appropriate for federal habeas corpus review) (*citing also Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. Ohio 2002) ("[T]he Ohio Supreme Court's conclusion [in *Cook*] that the sexual-predator statute is a form of civil regulation provides additional support for our conclusion that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole.")) The Sixth Circuit has also held that a defendant need only be aware of the direct consequences of a guilty plea and that there is no constitutional right to be informed of all potential collateral consequences thereof.  *See King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

Shie has not pointed out any clearly established federal law to support the contention that a waiver of a hearing to determine his sexual predator classification is covered by the same

constitutional protections as a guilty plea.  This Court cannot find, in the absence of any clearly

established United States Supreme Court precedent, that Shie's waiver of a hearing to determine

whether he was subject to certain reporting requirements must have been made knowingly,

intelligently, and voluntarily.

Furthermore, assuming *arguendo* that Shie's waiver of the sexual predator hearing had to

be made knowingly, intelligently, and voluntarily, his claim would still fail.  The record reveals

the following exchange during the plea hearing:

> THE COURT:  Do you also understand and agree that you will be at the time of
> sentencing designated as a sexual predator with all the attendant reporting
> requirements and notification requirements?  Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Which will be for a lifetime, you will be reporting every 90 days.
> Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.  I understand.  I don't really understand
> all the specifics yet, but I do understand that I will be subject to that.
>
> MR. FISHER:  I have explained to him that he will have to report every 90 days
> to the sheriff's department in the county where he lives.  I didn't cover anything
> else, if there are other requirements that I am unaware of at this time, but he
> understands this is a lifetime classification.
>
> THE COURT:  It is a lifetime classification. . . .
>
>                                                * * *
>
> THE COURT:  You will get the full notification requirement, but you understand
> the stringent reporting requirements for this?
>
> THE DEFENDANT: Yes, Your Honor.
>
> ***
>
> THE COURT: Other than what you've heard here today, has anyone promised
> you anything or threatened you in order to get you to change your plea?

THE DEFENDANT: No, Your Honor.

The above exchange illustrates Shie was informed of the material ramifications of being classified as a sexual predator and that his plea was entered without any false promises or coercion.[7]  Although Shie indicated he was not aware of all the specifics, his plea was not thereby rendered unknowing.  Shie's waiver of a hearing to determine whether he should be classified as a sexual predator was knowing, intelligent, and voluntary.  As such, his third ground for relief is without merit.

## IV.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Shie's Petition be DENIED.


s/ Greg White
U.S. MAGISTRATE JUDGE


Date: March 31, 2009

---

[7]  As explained by the Ohio Supreme Court, the sexual predator classification imposes the following material requirements:

> Once a person is designated a sexual predator, R.C. Chapter 2950 places certain obligations on the offender.  Sexual predators must register with their county sheriff and provide a current home address, the name and address of the offender's employer, a photograph, and any other information required by the Bureau of Criminal Identification and Investigation.  R.C. 2950.04(C).  In addition, sexual predators must provide the license plate number of each motor vehicle owned by the offender or registered in the offender's name.  R.C. 2950.04(C)(2).  Sexual predators must verify their current home address every ninety days for life.  R.C. 2950.06(B)(1).

*State v. Eppinger*, 743 N.E.2d 881, 91 Ohio St. 3d 158, 161 (Ohio 2001).

-24-

## <u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).