**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID ZION SHIE,** ) | **CASE NO. 1:08 CV 194** |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **EDWIN VOORHIES, Warden** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is the Report and Recommended Decision ("R&R") of Magistrate Judge Greg White (*ECF No. 31*). The Magistrate Judge recommends that the Court deny Petitioner's 28 U.S.C. §2254 habeas corpus petition. For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **OVERRULES** Petitioner's objections to the R&R (*ECF No. 32*).

In November 2004, a Cuyahoga County Grand Jury charged Petitioner with three counts of rape, one count of sexual battery, two counts of attempted rape, and two counts of attempted sexual battery, together with sexually violent offender and repeat violent offender specifications. Additionally, Petitioner was charged with nine counts of gross sexual imposition, and two counts of attempted unlawful sexual conduct with a minor. *ECF No. 8, Ex. 1*.

Petitioner withdrew his initial guilty plea and entered a negotiated guilty plea to four counts of sexual battery, which the Cuyahoga County Court of Common Pleas accepted on April 6, 2005. The trial court sentenced Petitioner on April 27, 2005, to consecutive four-year

terms of incarceration on each sexual battery charge. *ECF No. 8, Ex. 3*. The plea bargain also designated Petitioner as a sexual predator. *Id*. Petitioner filed a *pro se* motion to withdraw his guilty plea for ineffective assistance of counsel on July 26, 2005. *ECF No. 8, Ex. 5*. The motion was denied without a hearing. *ECF No. 8, Ex. 6*.

Petitioner, through counsel, filed a timely notice of appeal with the Court of Appeals for the Eighth Appellate District ("Court of Appeals") on June 1, 2005. *ECF No. 8, Ex. 7*. Petitioner then was granted a motion to dismiss counsel and filed a *pro se* appellate brief raising eleven assignments of error. *ECF No. 8, Ex. 11*. On May 11, 2006, the Court of Appeals affirmed the convictions but vacated his sentence and remanded it for resentencing pursuant to *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). *ECF No. 8, Ex. 20*. Petitioner's motion for reconsideration of this decision was denied by the Court of Appeals. *ECF No. 8, Ex. 22*.

On June 30, 2006, Petitioner filed a timely notice of appeal with the Supreme Court of Ohio on the grounds that "[a] sexual offender must plead guilty to a sexually violent predator specification or receive a determination hearing to be designated a sexual predator" and that "[a] sexual offender must plead to being a sexual predator voluntarily, intelligently, and knowingly." *ECF No.8, Ex. 23-24*. The appeal was dismissed on October 4, 2006, as not involving any constitutional question. *ECF No. 8, Ex. 25*.

At his August 9, 2006 resentencing hearing, Petitioner received the same sentence as before. *ECF No. 8, Ex. 28*. After Petitioner filed a timely notice of appeal with the Court of Appeals on nine grounds, the Court of Appeals affirmed the lower court's judgment. *ECF No. 8, Exs. 37, 44*. On August 22, 2007, Petitioner filed a timely notice of appeal with the Supreme Court of Ohio on seven grounds. *ECF No. 8, Exs. 45-46*. The appeal was dismissed on

December 12, 2007, as not involving any constitutional question. *ECF No. 8, Ex. 47*.

Petitioner filed the instant habeas petition on January 23, 2008 asserting the following grounds for relief:

> GROUND ONE: The State of Ohio has violated the Petitioner's Double Jeopardy rights under the Fifth Amendment of the U.S. Constitution by imposing consecutive sentences for multiplicitous [sic] offenses.
>
> GROUND TWO: The State of Ohio has violated the petitioner's due process under the Fourteenth Amendment of the U.S. Constitution when it unreasonably applied *Blakely v. Washington* [542 U.S. 296 (2004)] and *U.S. v. Booker* [543 U.S. 220 (2005)] to the Petitioner retroactively.
>
> GROUND THREE: The State of Ohio violated Federal Law when it allowed the Petitioner to be convicted based on an unintelligent, unknowing, and involuntary plea contract contrary to the Due Process of the 14th Amendment.

*ECF No.1*.

As an initial matter, the Magistrate Judge found that Petitioner procedurally defaulted part of his claim in ground three. *ECF No. 31, at 13*. On his first appeal to the Court of Appeals, Petitioner presented three bases for challenging the conclusion that his guilty plea was knowing, intelligent and voluntary: 1) the agreement was unlawful with respect to sexual predator classification; 2) he did not understand the maximum penalty for his crimes; and 3) he was incorrectly advised by counsel that the maximum sentence he could receive was five years. *ECF No.8, Ex. 11*. After the Court of Appeals denied his appeal, Petitioner raised only the sexual predator issue to the Supreme Court of Ohio. Accordingly, because the other two claims were not presented to the Supreme Court of Ohio, they were procedurally defaulted and cannot be considered in this habeas petition.

As to the sexual predator classification, the Magistrate Judge determined that Petitioner's claim was not cognizable because there was no basis for the argument that a waiver

3

of a civil sexual predator determination hearing must be made knowingly, intelligently, and voluntarily. *ECF No. 31, at 22-23*. Moreover, even if the sexual predator determination is afforded the same constitutional protection as a guilty plea, the record indicates that Petitioner's waiver was knowing, intelligent, and voluntary. *ECF No. 31, at 23*.

The Magistrate Judge also rejected Petitioner's other two grounds for relief. The Magistrate Judge determined that, based on *Tollet v. Henderson*, 411 U.S. 258, 267 (1973) and *United States v. Broce*, 488 U.S. 563, 576 (1989), the Court of Appeals did not unreasonably apply clearly established federal law in finding that Petitioner's guilty plea, if made knowingly, voluntarily, and intelligently, foreclosed a double jeopardy challenge. *ECF No. 31, at 15*.

Additionally, the Magistrate Judge determined that retroactive application of *Blakely* and *Booker* did not deprive Petitioner of due process. The Magistrate Judge surmised that Petitioner's argument was premised on three conditions: 1) *State v. Foster* deprived him of the right to appeal imposition of consecutive sentences; 2) *Foster* altogether eliminates the need for the Court to make factual findings, in violation of *Booker*; 3) *Foster* exceeded judicial authority based on O.R.C. § 5145.01, which mandates concurrent sentences. The Magistrate Judge concluded that, under *Foster*, Petitioner's ability to appeal consecutive sentences has not been destroyed. As to *Foster* eliminating the need for factual findings in violation of *Booker*, the Supreme Court of the United States in *Cunningham v. California*, 549 U.S. 270, 285 (2007) expressly approved the same remedy as chosen by the Supreme Court of Ohio in *Foster*. Finally, Petitioner's argument that O.R.C. § 5145.01, a statute directed to the governance of state prisons, mandates concurrent sentences and thus negates *Foster*, was already found to be meritless by the Court in its denial of Petitioner's motion to stay. *ECF No. 30*.

4

Having reviewed the Magistrate Judge's thorough and well written R&R (*ECF No. 31*), along with Petitioner's objections (*ECF No. 32*), the Court agrees with the Magistrate Judge's conclusions in their entirety. Accordingly, for the reasons discussed by the Magistrate Judge, the Court hereby **ADOPTS** the R&R and **OVERRULES** Petitioner's objections.

The § 2254 habeas corpus petition is therefore **DENIED**. The above-captioned case is hereby ordered **DISMISSED** as final. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     April 30, 2009*
**Dan Aaron Polster**
**United States District Judge**